# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| In the matter of a petition by | 3:14-cv-00395-MMD-VPC |
| --- | --- |
| ERIC DRAKE. | **ORDER** |

Before the court is a verified petition by Eric Drake ("petitioner") to perpetuate testimony, pursuant to Rule 27 of the Federal Rules of Civil Procedure. Having reviewed the petition and applicable standards, the court denies the motion.

Rule 27 allows "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court" to "file a verified petition in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a)(1). The rule is not available to petitioners "as a means of discovery to enable them to a draw a complaint . . . ." *See Martin v. Reynolds Metal Corp.*, 297 F.2d 49, 55 (9th Cir. 1961). Therefore, the Ninth Circuit has held that perpetuation under Rule 27 "is not appropriate where . . . the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief." *Nevada v. O'Leary*, 63 F.3d 932, 933 (9th Cir. 1995) ("*O'Leary II*"). Instead, perpetuation is "intended to apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced." *Nevada v. O'Leary*, 151 F.R.D. 655, 657 (D. Nev. 1993) ("*O'Leary I*").

To achieve this narrow purpose, the rule prescribes several requirements that a petitioner must satisfy before a court can order perpetuation.

The petition must be titled in the petitioner's name and must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
(B) the subject matter of the expected action and the petitioner's interest;
(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
(E) the name, address, and expected substance of the testimony of each deponent.

*Id.* The court is to grant the petition if, in light of these factors, it is "satisfied that perpetuating the testimony may prevent a failure or delay of justice . . . ." *Id.* 27(a)(3). These requirements are not satisfied by a petitioner's bald, conclusory allegations of the need to perpetuate testimony. *See Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995) ("a general allegation is not sufficient to satisfy Rule 27's requirement that a petitioner demonstrate immediate need to perpetuate testimony.").

In this case, petitioner attempts to obtain improper pre-complaint discovery. The petition provides robust factual bases in support of the Rule's elements. Yet, in pertinent part, the petition states that "Petitioner seeks to discover the facts necessary to make an informed decision about whether a lawsuit would be meritorious." (#2 at 4). Such pre-complaint discovery of unknown information is an abuse of the rule. *Martin*, 297 F.2d at 55; *O'Leary II*, 63 F.3d at 933. Accordingly, the petition is **DENIED.**

**IT IS SO ORDERED.**

DATED: December 2, 2014

_____
UNITED STATES MAGISTRATE JUDGE